293 S.E.2d 316

## In re The CUSTODY OF Jonathan Cinque WOOLFOLK.

### No. 15246.

Supreme Court of Appeals of
West Virginia.

June 25, 1982.

Rehearing Denied July 15, 1982.

Phillip C. Duff, Huntington, for appellant Dalton.

Baer, Napier & Colburn and James Allen Colburn, Huntington, for appellee Clarence Woolfolk, father.

PER CURIAM:

In this appeal Marsha Dalton, guardian of Jonathan Cinque Woolfolk, challenges the final order of the Circuit Court of Cabell County directing her to deliver funds held in trust for Dalton's ward to his father, Clarence Woolfolk, appellee. Appellant's main assignment of error is that Clarence Woolfolk was never appointed guardian of Jonathan Woolfolk for purposes of receiving these trust monies, and, therefore, the order of the circuit court directing Dalton to transfer the funds to appellee is improper. We agree, and reverse and remand.

The record in this case is very sparse; however, certain facts are agreed upon by the parties. Jonathan Cinque Woolfolk was born on June 17, 1974. His mother, Sheilah Kay Woolfolk, was killed and Jonathan was severely injured in an automobile accident on May 25, 1979. As a result of his mother's death, Jonathan was entitled to approximately $30,000 in life insurance benefits. The court appointed Marsha Dalton as "guardian of the property of Jonathan Cinque Woolfolk" and required her to give bond for her ward's insurance proceeds.

Clarence Woolfolk was appointed guardian by the Cabell County Commission shortly after the automobile accident. The Commission sought to appoint Clarence Woolfolk guardian for a limited purpose, which is set forth in the Commission's order:

"This day came Clarence A. Woolfolk, in person, and by James A. Colburn, Attorney, represented to the Commission that he is the natural father of Jonathan Cinque Woolfolk, an infant 5 years of age, who is presently in a coma following an automobile accident in which said infant's mother was killed; and Clarence A. Woolfolk moved the Commission to appoint him as legal Guardian of Jonathan Cinque Woolfolk, infant, for the

sole purpose of giving permission for treatment to said infant.

"Due to the fact that it had heretofore been represented to this Commission that the said Clarence A. Woolfolk is incarcerated at a Federal penal institution in the State of Kentucky, advise [sic] was asked of George A. Mills, III, Cabell County Commission Attorney, as to whether or not the said Clarence A. Woolfolk could legally be appointed guardian. Upon the advise of Mr. Mills, the Commission this day appointed the said Clarence A. Woolfolk as guardian of Jonathan Cinque Woolfolk, an infant 5 years of age. And Clarence A. Woolfolk took the oath required by law.

"Thereupon Clarence A. Woolfolk and his attorney, James A. Colburn, having represented that said Guardian will be handling no funds in behalf of said infant, and that *the sole purpose of this appointment is to give permission for medical treatment* for said infant, the Commission required no surety on his bond as Guardian." [emphasis added]

Also, the Commission designated no Commissioner of Accounts in this matter.

It is clear that at no time was the appointment of Clarence Woolfolk as guardian of the property contemplated by the Cabell County Commission. Indeed, the order suggests that the commission might be reluctant to appoint Clarence Woolfolk guardian, in view of his criminal record. Woolfolk should have addressed his request to be appointed guardian of his daughter's estate to the county commission. *W.Va.Code*, 44–10–3 (1923) provides that:

"The county court[1] of any county in which any minor resides ... may ... appoint as guardian for him some suitable person, preferring first the father or the mother; but in every case the competency and fitness of the person, and the welfare and best interest of the minor, shall govern the court in making this selection."

This court has grave reservations about the competency and fitness of Clarence Woolfolk to be Jonathan Woolfolk's guardian. Clarence Woolfolk is a felon who was placed in a federal drug treatment facility, and, as of the last indication in the record, was still on parole for drug offenses. Clarence Woolfolk posted bond in the amount of Jonathan Woolfolk's estate when the trial judge ordered Jonathan Woolfolk's trust monies to be delivered to Clarence Woolfolk as guardian. Of the three personal sureties on the bond, two, having the last name Woolfolk, are apparently relatives of the appellee. This does not reassure this Court of the security of the estate. Clarence Woolfolk appears, on the record before us to be an inappropriate choice for guardian of Jonathan Woolfolk's estate.

We note one additional matter of concern to this Court. The nature of the $10,000.00 disbursement requested by Woolfolk below, which is labeled "Clarence Woolfolk, guardian, and James Allan Colburn, attorney", is unclear. Of course, any guardian appointed may proceed to circuit court should he or she seek any disbursement of the estate beyond its annual income. *W.Va.Code*, 44–10–8 [1971]. If, as appellant Dalton contends in her brief, this figure represents an attorney's fee, it bears close scrutiny by the circuit judge.[2]

We reverse the trial court's order requiring the appellant Dalton to pay the funds in her control to Clarence Woolfolk, as guardian and remand with directions that the parties comply with the appropriate West Virginia statutes regarding the appointment of a guardian and the disbursement of funds therefrom of Jonathan Woolfolk.

Reversed and remanded, with directions.

---

1. The Judicial Reorganization Amendment of 1974 provides that where reference is made to county court that tribunal shall now be designated county commission. W.Va.Const., Art. IX, § 9.

2. There are many questionable events in this litigation. The infant is entitled to the protection afforded him by the West Virginia statute. Thus far he has not received adequate protection. The circuit judge should carefully monitor any further matters before him regarding this case.